**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAMON THOMAS,

      Petitioner,

v.

MILLICENT WARREN,

      Respondent.

CASE NO. 07-12455
HONORABLE PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

_____/

## OPINION AND ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS CORPUS; (2) A CERTIFICATE OF APPEALABILITY, AND (3) LEAVE TO APPEAL IN FORMA PAUPERIS

Damon Thomas, ("petitioner"), presently confined at the Thumb Correctional Facility in

Lapeer, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In

his *pro se* application, petitioner challenges his conviction of one count of carjacking, MCL

750.529a, third degree fleeing and eluding, MCL 257.602a(3), and possession of a firearm during

the commission of a felony, MCL 750.227b. For the reasons stated below, the application for a writ

of habeas corpus is dismissed with prejudice.

## I.  BACKGROUND

Petitioner was convicted of the above offenses following a jury trial in the Wayne County

Circuit Court. This Court recites verbatim the relevant facts regarding petitioner's conviction from

the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on

habeas review. *See Monroe v. Smith,* 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001):

In this case, the victim drove his car to a gas station. He left the vehicle at a pump

1

with the keys in the ignition while he stepped inside the building. While he was inside, defendant entered his car and attempted to take it, but was unsuccessful because he could not get it into gear. The victim ran out to stop him, but was forced away from the car when defendant pointed a gun at him and told him to get back. Defendant then drove away in the car. Defendant did not sever the victim's possession merely by getting into the car and starting it up. Rather, the victim retained possession of the car as he approached it and did not cede possession until defendant threatened him with a gun. Therefore, the evidence was sufficient to enable a rational trier of fact to conclude that each element of carjacking had been proved beyond a reasonable doubt. *People v. Thomas,* No. 243413 * 1 (Mich.Ct.App.  February 5, 2004) .

Petitioner's conviction was affirmed on appeal. *Id.*, *lv. den.* 471 Mich. 868; 683 N.W.2d 676 (2004).

Petitioner then filed a post-conviction motion for relief from judgment, which was denied. *People v. Thomas,* No. 01-014016-01(Wayne County Circuit Court, April 11, 2006).  The Michigan appellate courts then denied petitioner's application for leave to appeal. *People v. Thomas,* No. 270306(Mich.Ct.App. November 9, 2006); *lv. den.* 478 Mich. 867; 731 N.W. 2d 705 (2007).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I. Petitioner was denied his Sixth Amendment right to a fair trial due to ineffective assistance of counsel. Trial counsel was ineffective for failure to move to suppress Petitioner's pre trial uncounsel[ed] corporeal identification lineup.

II. Trial counsel was ineffective for failing to request a Wade hearing to challenge any subsequent in court identification.

III. Trial counsel's failure to challenge the uses of Petitioner's uncounsel[ed] misdemeanor and uncounsel[ed] juvenile convictions in the scoring of Petitioner's prior record variables and the presentence report that erroneously cited that the Petitioner had three prior felony convictions, was ineffective assistance of counsel.

IV. Appellate counsel was ineffective for failing to submit a significant and obvious issue of appeal.

V. Petitioner was denied his Sixth Amendment constitutional right to a fair trial, due to ineffective assistance of counsel. Counsel's failure to ask for a cautionary instruction regarding the unsolicited testimony on alleged prior bad acts, character and reputation was ineffective assistance of counsel.

VI. Petitioner's counsel's failure to thoroughly cross-examine the investigation officer about the photograph that he took of the Petitioner prior to the uncounsel[ed]

2

corporeal lineup was ineffective assistance of counsel.

VII. Petitioner was denied his Sixth Amendment right to effective assistance of counsel and a fair trial due to the cumulative effects of trial counsel's errors.

VIII. The prosecutor presented insufficient evidence to support a conviction of carjacking.

## II.   STANDARD OF REVIEW

28 U.S.C. §2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

## III.   ANALYSIS

### A. Claims # 1-7.  The procedurally defaulted claims.

Respondent contends that petitioner's first seven claims are procedurally defaulted because petitioner raised these claims for the first time in his post-conviction motion and failed to show

3

cause and prejudice for failing to raise these claims in his appeal of right, as required by M.C.R. 6.508(D)(3).

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom.

In the present case, the Wayne County Circuit Court denied petitioner's first through seventh claims in his post-conviction motion, finding he had failed to establish good cause for failing to raise his new claims in his appeal of right with the Michigan Court of Appeals and/or any actual prejudice, as required by M.C.R. 6.508(D)(3).  The Michigan appellate courts denied petitioner leave to appeal "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)."  Under the circumstances, the Michigan courts clearly invoked the provisions of M.C.R. 6.508(D)(3) to procedurally bar petitioner's claims. *See e.g. Howard v. Bouchard,* 405 F. 3d 459, 477 (6th Cir. 2005).

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).  If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims

4

presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).  To be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

With respect to his procedurally defaulted claims, petitioner alleges ineffective assistance of appellate counsel as cause to excuse his default.  Petitioner, however, has not shown that appellate counsel was ineffective.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983).  The United States Supreme Court has explained:

> "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the ... goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard." *Id.* at 463 U.S. at 754.

Moreover, "[A] brief that raises every colorable issue runs the risk of burying good arguments-those that, in the words of the great advocate John W. Davis, 'go for the jugular,'-in a verbal mound made up of strong and weak contentions." *Id.* at 463 U.S. at 753 (citations omitted).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).  In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out

weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536 (*quoting Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F. 3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting his first through seventh claims. Appellate counsel filed a 10 page brief on appeal which raised petitioner's eighth claim, *infra,* that the prosecutor presented insufficient evidence to support a conviction of carjacking.[1] Petitioner has not shown that appellate counsel's strategy in presenting this claim and not raising other claims was deficient or unreasonable. Moreover, for the reasons stated by the Michigan Attorney General in their answer to the petition for writ of habeas corpus, none of the claims raised by petitioner in his post-conviction motion were "dead bang winners." Because the defaulted claims are not "dead bang winners," petitioner has failed to establish cause for his procedural default of failing to raise his first through seventh claims on direct review. *See McMeans v. Brigano,* 228 F. 3d 674, 682-83 (6th Cir. 2000); *Meade,* 265 F. Supp. 2d at 872.

In the present case, petitioner has failed to demonstrate cause to excuse the default. Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary for this Court

---

[1] *See* Appellant's Brief on Appeal, dated February 18, 2003[Part of this Court's Dkt. # 7-9].

to reach the prejudice issue. *Smith v. Murray*, 477 U.S. at 533; *See also Isabell v. Curtis,* 36 Fed. Appx. 785, 788 (6th Cir. 2002); *Payne v. Smith,* 207 F. Supp. 2d 627, 638-39 (E.D. Mich. 2002).

Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this court to consider these claims as a ground for a writ of habeas corpus in spite of the procedural default. Petitioner's sufficiency of evidence claim is insufficient to invoke the actual innocence doctrine to the procedural default rule. *See Malcum v. Burt,* 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003). Because petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declined to review petitioner's procedurally defaulted claims on the merits. *See Johnson v. Smith,* 219 F. Supp. 2d 871, 882 (E.D. Mich. 2002).

Finally, to the extent that petitioner is raising his ineffective assistance of appellate counsel claim as an independent ground for relief, he is not entitled to the issuance of a writ of habeas corpus. First, as mentioned above, petitioner has failed to show that appellate counsel was deficient in failing to present the omitted claims on his appeal of right.

Moreover, petitioner is unable to show that he was prejudiced by his appellate counsel's failure to raise these claims on his appeal of right, in light of the fact that these same claims were presented to the Michigan trial and appellate courts on petitioner's post-conviction motion for relief from judgment and rejected by them. *See Hollin v. Sowders*, 710 F. 2d 264, 265-67 (6th Cir. 1983); *Johnson v. Warren,* 344 F. Supp. 2d 1081, 1096 (E.D. Mich. 2004); *Bair v. Phillips,* 106 F. Supp. 2d 934, 938, 943 (E.D. Mich. 2000). The state courts' rulings on petitioner's motion for post-conviction relief granted petitioner an adequate substitute for direct appellate review and therefore his attorney's failure to raise his first through seventh claims on petitioner's appeal of right did not

7

cause him any injury. *Bair,* 106 F. Supp. 2d at 943 (citing *Gardner v. Ponte*, 817 F. 2d 183, 189 (1st Cir. 1987)).   In this case, there is no point in remanding this case to the state courts to reconsider a case that they have already adversely decided on more than one occasion. *Gardner*, 817 F. 2d at 189.

Petitioner is not entitled to habeas relief on his first through seventh claims.

**B.   Claim # 8.   The sufficiency of evidence claim.**

Petitioner next contends that there was insufficient evidence to convict him of carjacking, because the complainant did not have possession of the vehicle and the vehicle was taken outside of his presence.

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000)(citing to *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).   Because a claim of insufficiency of the evidence presents a mixed question of law and fact, this Court must determine whether the state court's application of the *Jackson* standard was reasonable. *See Dell v. Straub*, 194 F. Supp. 2d 629, 647 (E.D. Mich. 2002).   The scope of review in a federal habeas proceeding to the sufficiency of evidence in a state criminal prosecution "is extremely limited and a habeas court must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state and defer to that resolution." *See Terry v. Bock,* 208 F. Supp. 2d 780, 794 (E.D. Mich. 2002).

Under Michigan law, the elements of carjacking are: (1) the defendant took a motor vehicle

8

from another person; (2) the defendant did so in the presence of that person, a passenger, or any other person in lawful possession of the motor vehicle; and (3) the defendant did so either by force or violence, by threat of force or violence, or by putting the other person in fear. *People v. Davenport*, 230 Mich. App. 577, 579 (1998).  An automobile is considered to be in the "presence" of another when it is shown that the automobile "is within his reach, inspection, observation or control, that he could, if not overcome by violence or prevented by fear, retain his possession of it." *People v. Raper*, 222 Mich.App 475, 482 (1997)(citations omitted).  Thus, "whether the taking of a motor vehicle occurs within the presence of a person depends on the effect of violence or fear on that person's ability to control his possession of the motor vehicle at the time of its taking." *People v. Green*, 228 Mich.App 684, 695 (1998).

The Michigan Court of Appeals rejected petitioner's claim, noting that at the time that petitioner threatened the victim with a gun, petitioner was in possession of the keys to the car and was trying to get the car into gear as the victim approached.  Therefore, pursuant to their holding in *People v. Raper*, 222 Mich. App.at 482-83, petitioner had control over the vehicle. *Thomas,* Slip. Op. at * 2.  The Michigan Court of Appeals further concluded that a rational trier of fact could conclude that each element of carjacking had been proven beyond a reasonable doubt. *Ibid.*[2]

Finally, the Michigan Court of Appeals rejected petitioner's contention that the prosecution failed to prove the element of force, based on petitioner's contention that the victim left the keys

---

[2] Although not relevant to the determination of petitioner' claim, at least seven federal circuits, including the Sixth Circuit, have concluded that a person can be guilty of violating the federal carjacking statute where the defendant used force to take the car keys from the victim even though the victim was away from his or her car at the time of the robbery. *See U.S. v. Boucha,* 236 F. 3d 768, 771-74 (6th Cir. 2001)(collecting cases).

in the car and was within the gas station when petitioner attempted to steal the vehicle and thus did not take the car by force. In rejecting this argument, the Michigan Court of Appeals concluded that when the victim ran to stop petitioner from taking the car, the victim "was forced away from the car when defendant pointed a gun at him and told him to get back." *Thomas*, Slip Op. * 2. The complainant's account of the incident was sufficient for a jury to find beyond a reasonable doubt that petitioner obtained the car by use of force. *Ibid.*

In the present case, there was sufficient evidence presented for a rational trier of fact to conclude that petitioner used force to take the victim's car in his presence, in light of the fact that petitioner had in his possession the keys to the car and threatened the victim with a gun as he attempted to get the car into gear. The Michigan Court of Appeals' decision to affirm petitioner's conviction was neither contrary to, nor an unreasonable application of, the proper sufficiency of evidence standard. Accordingly, petitioner's claim does not entitle him to habeas relief. *Welch v. Burke*, 49 F. Supp. 2d 992, 1000 (E.D. Mich. 1999).

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.

10

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson,* 219 F. Supp. 2d at 885.   The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV.      CONCLUSION

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.  The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**


S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE


Dated:  April 16, 2009


CERTIFICATE OF SERVICE


Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 16, 2009.


S/Denise Goodine
Case Manager